**G. ERIC NIELSON (5327)**
**MARK W. DAHL (13188)**
*G. ERIC NIELSON & ASSOCIATES*
4790 South Holladay Boulevard
Salt Lake City, Utah 84117
Telephone: (801) 424-9088
Facsimile: (801) 438-0199
Email: ericnielson@ericnielson.com
          markdahl@ericnielson.com
*Attorneys for Plaintiffs*

---

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### NORTHERN DIVISION

| | |
|---|---|
| TRACI TAYLOR and STEVEN TAYLOR, | **COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| GREG B. COOK, DPM; TRAVIS SAUTTER, DPM; COOK & SAUTTER FOOT & ANKLE, LLC fka COOK FOOT & ANKLE SPECIALISTS, LLC AND COOK FOOT AND ANKLE CENTER, LLC; W. BRYCE COOK, DPM; SPRING CREEK SURGICAL CENTER, LLC; | Case No. 1:20-cv-00017-TS Judge Ted Stewart |
| Defendants. | |

Plaintiffs, TRACI TAYLOR and STEVEN TAYLOR, by and through counsel, *G. ERIC NIELSON & ASSOCIATES*, hereby complain against the above-captioned Defendants, alleging as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, TRACI TAYLOR, is an individual who is a resident of the State of Idaho.

2.      Plaintiff, STEVEN TAYLOR, is an individual who is a resident of the State of

Idaho.

3.      Defendant, GREG B. COOK, DPM (Dr. Greg Cook), is an individual who has residency in the State of Utah, who at all relevant times was providing health care services in Cache County, Utah.

4.      Defendant, TRAVIS SAUTTER, DPM (Dr. Sautter), is an individual who has residency in the State of Utah, who at all relevant times was providing health care services in Cache County, Utah.

5.      Defendant, COOK & SAUTTER FOOT & ANKLE, LLC fka COOK FOOT & ANKLE SPECIALISTS, LLC, and COOK FOOT AND ANKLE CENTER, LLC is a corporation with its residency in Cache County, State of Utah, who at all relevant times was providing health care services in Cache County, Utah.

6.      Defendant, W. BRYCE COOK, DPM (Dr. Bryce Cook), was an individual who has residency in the State of Utah, who at all relevant times was providing health care services in Cache County, Utah.

7.      Defendant, SPRING CREEK SURGICAL CENTER, LLC is a corporation with its residency in Cache County, State of Utah, who at all relevant times was providing health care services in Cache County, Utah.

8.      Upon information or belief, Dr. Greg Cook is an employee of Defendant COOK & SAUTTER FOOT & ANKLE, LLC fka COOK FOOT & ANKLE SPECIALISTS, LLC, and COOK FOOT AND ANKLE CENTER, LLC.

9.      Upon information or belief, Dr. Sautter is an employee of Defendant COOK & SAUTTER FOOT & ANKLE, LLC fka COOK FOOT & ANKLE SPECIALISTS, LLC, and

COOK FOOT AND ANKLE CENTER, LLC.

10.     Upon information or belief, Dr. Bryce Cook was an employee of Defendant COOK & SAUTTER FOOT & ANKLE, LLC fka COOK FOOT & ANKLE SPECIALISTS, LLC, and COOK FOOT AND ANKLE CENTER, LLC.

11.     At all relevant times, Defendants were health care providers within the meaning of the Utah Health Care Malpractice Act, Utah Code Ann. § 78B-3-401 et seq., and provided health care services to Plaintiff, Traci Taylor.

12.     Upon information and belief, at all material times, each of Defendants were agents, servants, employers, employees, joint venturers, partners and/or alter egos of one or more of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency, servitude, joint venture, alter ego, partnership or employment, and with authority, consent approval and/or ratification of each of the remaining Defendants.

13.     This Court has original jurisdiction over the claims presented in this case under 28 U.S.C. § 1332, which provides for diversity jurisdiction over civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

14.     Venue is proper under 28 U.S.C. § 1391.

15.     In bringing this action, Plaintiffs have complied with all statutory requirements regarding pre-litigation review of this matter set forth in the Utah Health Care Malpractice Act.

16.     Utah Code Ann. § 78B-3-409 prohibits ad damnum clauses in complaints for medical malpractice, but such damages are hereby affirmatively alleged to be in excess of $75,000, qualifying the above captioned matter for diversity jurisdiction.

## GENERAL STATEMENT OF NATURE OF CLAIM

17.     Plaintiffs allege that Defendants committed medical malpractice in the treatment provided to Plaintiff, Traci Taylor (Traci), related to treatment of her foot.

18.     On June 24, 2016, Traci, then 51 years old, saw DEFENDANT, GREG B. COOK, DPM (Dr. Greg Cook), at COOK & SAUTTER FOOT & ANKLE, LLC fka COOK FOOT & ANKLE SPECIALISTS, LLC, and COOK FOOT AND ANKLE CENTER, LLC (Cook Clinic).

19.     Traci complained of bilateral plantar foot pain, right heel numbness, and left foot popping on the medial side.

20.     Traci reported that when she walked barefoot, her right foot felt like she was walking on a golf ball.

21.     Traci had edema in her right foot and ankle.

22.     Traci's pain level was 8/10 for her right foot and 3/10 for her left foot.

23.     Dr. Greg Cook recommended various treatments that did not ease Traci's symptoms.

24.     Traci saw Dr. Greg Cook again on July 22, 2016, August 12, 2016, April 28, 2017, and June 2, 2017.

25.     Traci's pain was not alleviated by Dr. Greg Cook's treatment.

26.     At the appointment on June 2, 2017, Dr. Greg Cook recommended surgery. He noted that infection was a risk of the surgery and had Traci review and sign surgical consent forms.

27.     The consent forms failed to identify the surgical procedures that would be

4

performed.

28.    No gait examination was performed prior to the surgery.

29.    On June 7, 2017, Dr. Greg Cook, along with his assistant, DEFENDANT, W. BRYCE COOK, DPM (Dr. Bryce Cook), performed right foot surgery on Traci at SPRING CREEK SURGICAL CENTER, LLC.

30.    The procedures performed were a Steindler Stripping, Dwyer Calcaneal Osteotomy, 1st Dorsal Wedge TMT Fusion, 2nd Dorsal Wedge TMT Fusion, and 2nd Weil Osteotomy.

31.    The previous MRI taken on June 29, 2016 and other x-rays did not justify these procedures.

32.    The MRI did justify a full plantar fascia release, which was not performed.

33.    At her first post-op visit, on June 15, 2017, Traci reported to Dr. Greg Cook that her pain had been 10/10 since the surgery.

34.    Traci saw Dr. Greg Cook at the Cook Clinic for many post-op appointments that provided no relief for her pain.

35.    Traci continued to experience escalated pain in her right foot, complaining of an electrical feeling in her foot, swelling, sensitivity, shooting, and burning.

36.    Dr. Greg Cook then referred Traci to a pain clinic.

37.    On November 9, 2017, Traci saw Brian Richardson, M.D. (Dr. Richardson) at Southwest Spine & Pain Center.

38.    Dr. Richardson diagnosed Traci with Complex Regional Pain Syndrome of her right lower limb and ordered physical therapy. He referred Traci to Jason Poston, M.D. at Pain

and Spine Specialists to help manage her pain.

39.     Despite participating in physical therapy and treatment of lumbar sympathetic blocks by Dr. Poston, Traci's pain in her right foot continued to escalate.

40.     At a follow up visit with Dr. Greg Cook on November 9, 2017, Dr. Greg Cook noted that a nerve might be entrapped in the scar tissue.

41.     No nerve conduction tests were ordered by Dr. Greg Cook.

42.     On December 8, 2017, Dr. Greg Cook ordered an MRI of the right foot to evaluate the sural nerve and plantar fascia with heel spur.

43.     On December 12, 2017, Traci had an MRI that revealed that during the June 2017 surgery performed by both Dr. Cooks, a sural nerve was entrapped in her right foot along with an increased uptake to the plantar heel spur.

44.     Dr. Greg Cook recommended surgery.

45.     No gait exam was performed prior to surgery.

46.     On December 20, 2017, Dr. Greg Cook, along with his assistant, DEFENDANT, TRAVIS SAUTTER, DPM (Dr. Sautter), performed a right plantar heel spur resection; excision of sural nerve, right; implantation of sural nerve end into muscle belly; EDMB Z-lengthening 5th; 5th capsulotomy right; 1st metatarsal plantarflexory wedge osteotomy; and removal of hardware right 1st tmt.

47.     Dr. Greg Cook and Dr. Sautter implanted the sural nerve into the muscle belly

48.     During the surgery, a large neuroma was noted.

49.     Because a neuroma formed, the sural nerve must have been cut or lacerated during the June 7, 2017 surgery by Dr. Greg Cook and Dr. Bryce Cook.

6

50.     Since the surgeries performed by Dr. Greg Cook, Dr. Bryce Cook, and Dr. Sautter, Traci continues with 9/10 pain—with medication—in her right foot.

51.     Traci's foot is misshapen and abnormal-looking—all changes since the surgeries.

## FIRST CLAIM FOR RELIEF: NEGLIGENCE - HEALTH CARE MALPRACTICE
### (All Defendants)

52.     Plaintiffs refer to and incorporate the preceding paragraphs as if set forth fully herein.

53.     Defendants, individually, and through the acts and omissions of their agents and/or representatives accepted Traci as a patient, and thereby assumed various duties of care.

54.     At all relevant times, Defendants held themselves out as being able to provide full care and treatment for patients requiring medical care of the type that Traci required.

55.     The degree of care and treatment provided to Traci fell below the acceptable standards of care for the types of medical care issues she had.

56.     Specifically, Defendants breached the applicable standards of care in multiple ways including, but not limited to:

a.     Failing to administer timely and appropriate health care to Traci, thereby proximately causing additional pain, suffering, and injury;

b.     Failing to properly evaluate, diagnose, and/or treat Traci's condition;

c.     Failing to follow proper policies, procedures, protocols, and guidelines related to Traci's care;

d.     Failing to perform proper pre-surgical testing, such as gait examination;

e.     Failing to perform nerve conduction testing;

f.     Entrapping and injuring Traci's sural nerve;

g.  Performing procedures that were not indicated;

h.  Failing to perform procedures that were indicated;

i.  Improper surgical treatment of the sural nerve;

j.  Failing to recognize and timely order the proper diagnostic tests to determine the etiology of Traci's pain;

k.  Failing to adequately assess Traci during numerous post-op visits;

l.  Failing to adequately address all of Traci's symptoms;

m.  Failing to create a sufficient differential diagnosis accounting for Traci's pain; and

n.  Any other breach of care not listed herein.

57.     As a direct, proximate, and legal result of the above-described deviations from the standard of care, and such others as discovery will reveal, Dr. Greg Cook, Dr. Bryce Cook, and Dr. Sautter's acts and omissions caused injury to Plaintiffs.

58.     As a direct, proximate result of the above-described negligent acts and omissions, the above-named Defendants caused injury to Plaintiffs, including, but not limited to:  Past and future medical expenses, past and future lost wages, reduced quality of life, pain, suffering, emotional distress, loss of enjoyment, and other specific and general damages.

59.     The nature and extent of Plaintiffs' injuries are severe and were a direct and proximate result of Defendants' general and medical negligence.

60.     Does I-X are individuals or entities whose names are now unknown who deviated from the standard of care with respect to Traci.

61.     By virtue of respondeat superior, COOK & SAUTTER FOOT & ANKLE, LLC fka COOK FOOT & ANKLE SPECIALISTS, LLC and COOK FOOT AND ANKLE CENTER,

LLC and SPRING CREEK SURGICAL CENTER, LLC are vicariously liable for all acts and omissions of Dr. Greg Cook, Dr. Bryce Cook, Dr. Sautter, and the residents, fellows, physicians, nurses, techs, and other staff who cared for Traci during the times described herein, including but not limited to those identified in this document, under principles of apparent authority, the doctrine of non-delegable duty, and general agency law.

## SECOND CLAIM FOR RELIEF:  LACK OF INFORMED CONSENT
### (All Defendants)

62.     Plaintiffs refer to and incorporate the preceding paragraphs as if set forth fully herein.

63.     A provider-patient relationship existed between the Defendants and Traci.

64.     Defendants rendered health care to Traci.

65.     Traci suffered injuries arising out of the health care rendered, including, but not limited to, severe pain; nerve injury; Complex Regional Pain Syndrome; a misshapen and abnormal-looking foot; and impaired ambulation.

66.     The health care rendered carried with it a substantial and significant risk of causing serious harm, including but not limited to, severe pain, nerve injury, Complex Regional Pain Syndrome, a misshapen and abnormal-looking foot, and impaired ambulation.

67.     Traci was not informed of the substantial and significant risk of a Steindler Stripping; Dwyer Calcaneal Osteotomy; 1st Dorsal Wedge TMT Fusion; 2nd Dorsal Wedge TMT Fusion; 2nd Weil Osteotomy; a right plantar heel spur resection; excision of sural nerve, right; implantation of sural nerve end into muscle belly; EDMB Z-lengthening 5th; 5th capsulotomy, right; 1st metatarsal plantarflexory wedge osteotomy; and removal of hardware right 1st tmt.

68.     The risks of serious harm which Traci suffered were not relatively minor, nor were they commonly known to the public.

69.     Traci did not state, prior to receiving the health care complained of, that she would accept the health care involved regardless of the risk or that she did not want to be informed of the matters to which she would be entitled to be informed.

70.     Defendants did not consider all of the attendant facts and circumstances.

71.     Defendants did not use reasonable discretion as to the manner and extent to which risks were disclosed.

72.     Defendants did not reasonably believe that additional disclosures could be expected to have a substantial and adverse effect on Traci's health and condition.

73.     Defendants failed to adequately set forth the purpose and nature of the intended care.

74.     Traci did not accept the risk of substantial and serious harm in hopes of obtaining desired beneficial results of health care.

75.     As a direct and proximate result of the lack of informed consent, Traci submitted to the above procedures, which resulted in severe injury.

**THIRD CLAIM FOR RELIEF: LOSS OF CONSORTIUM**
**(All Defendants)**

76.     Plaintiffs refer to and incorporate the preceding paragraphs as if set forth fully herein.

77.     Plaintiff, Steven Taylor, was, and at all relevant times has been, Plaintiff's, Traci Taylor, legal spouse recognized by the laws of the State of Utah.

78.     Traci Taylor, as a result of Defendants' health care malpractice (outlined in Plaintiffs' First and Second Claims for Relief) suffered a significant permanent injury that substantially changed her lifestyle, including significant disfigurement and incapability to perform the types of jobs she performed prior to the injury.

79.     As a direct, proximate, and legal result of Traci Taylor's injury, Steven Taylor has suffered significant loss of consortium, companionship, love, and support with associated economic and noneconomic losses, including but not limited to, medical expenses, loss of household services, loss of normal relations, and associated emotional and physical pain and suffering.

## JURY DEMAND

Plaintiffs, hereby request a jury trial for all issues of fact in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants in an amount to be determined by the trier of fact for the following damages:

a.     For special damages in an amount to be determined at trial;

b.     For general damages in an amount to be determined at trial;

c.     For costs and attorney fees to the extent allowed by law;

d.     For pre- and post-judgment interest on all special damages pursuant to Utah law; and

e.      For such other relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED this 12th day of February, 2020.

                                        **G. ERIC NIELSON & ASSOCIATES**

                                        */s/ Mark W. Dahl*
                                        G. Eric Nielson
                                        Mark W. Dahl
                                        *Attorneys for Plaintiff*