IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRACI TAYLOR and STEVEN D. TAYLOR,<br><br>     Plaintiffs,<br><br>v.<br><br>GREG B. COOK, DPM; TRAVIS SAUTTER, DPM; COOK & SAUTTER FOOT & ANKLE, LLC fka COOK FOOT & ANKLE SPECIALISTS, LLC AND COOK FOOT AND ANKLE CENTER, LLC; W. BRYCE COOK, DPM; SPRING CREEK SURGICAL CENTER, LLC,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 1:20-CV-17 TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on a Motion for Summary Judgment filed by Defendants Travis Sautter, DPM, W. Bryce Cook, DPM, and Cook Foot & Ankle Specialists, LLC (collectively, "Defendants"). Plaintiffs have failed to respond to the Motion and the time for doing so has expired.[1] For the reasons discussed below, the Court will grant the Motion in part.

I.  BACKGROUND

  Plaintiffs bring this action based on alleged negligent medical treatment Traci Taylor received from Greg B. Cook, DPM at Cook Foot & Ankle Specialists. Plaintiffs assert claims of negligence, failure to obtain informed consent, and loss of consortium. Defendants seek summary judgment on all claims against them.

---

[1] DUCivR 7-1(b)(3)(A).

## II.  SUMMARY JUDGMENT STANDARD

Generally, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and make all reasonable inferences in the light most favorable to the nonmoving party.[4]

This standard is somewhat modified in an unopposed motion for summary judgment.  It is improper for the Court to grant summary judgment simply because it is unopposed.[5]  Instead, the Court must "examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[6]  In doing so, the Court may consider any properly stated facts as "undisputed for purposes of the motion."[7]  Further, facts deemed admitted through a failure to respond to a request for admission may support a motion for summary judgment.[8]

---

[2] FED. R. CIV. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] *See Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002); *United States v. Dawes*, 344 F. Supp. 2d 715, 718 (D. Kan. 2004); DUCivR 7-1(d); DUCivR 56-1(f).

[6] *Reed*, 312 F.3d at 1195.

[7] *See* FED. R. CIV. P. 56(e)(2).

[8] FED. R. CIV. P. 56(c)(1)(A); *H. B. Zachry Co. v. O'Brien*, 378 F.2d 423, 425 (10th Cir. 1967); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966).

### III.  DISCUSSION

Plaintiffs must establish the following elements to sustain a prima facie case of medical malpractice: "(1) the standard of care by which the doctor's conduct is to be measured, (2) breach of that standard by the doctor, and (3) injury proximately caused by the doctor's negligence."[9]  "A plaintiff's failure to present evidence that, if believed by the trier of fact, would establish any one of the three prongs of the prima facie case justifies a grant of summary judgment to the defendant."[10]  Generally, "the plaintiff must provide expert testimony to establish: 1) the standard of care; 2) defendant's failure to comply with that standard; and 3) that defendant caused plaintiff's injuries."[11]  Expert testimony is also generally required to establish a claim for failing to obtain informed consent.[12]

Plaintiffs have disclosed an expert who is anticipated to testify that another Defendant, Greg B. Cook, breached the applicable standard of care.[13]  However, Plaintiffs have not disclosed an expert to offer testimony that the moving Defendants breached the standard of care.[14]  Therefore, Plaintiffs' claims for negligence and failure to obtain informed consent fail as to these Defendants.  However, to the extent Plaintiffs assert a claim against Cook Foot & Ankle Specialists under a theory of respondeat superior,[15] Defendants provide no basis for dismissal of

---

[9] *Chadwick v. Nielsen*, 763 P.2d 817, 821 (Utah Ct. App. 1988).

[10] *Dikeou v. Osborn*, 881 P.2d 943, 946 (Utah Ct. App. 1994).

[11] *Hoopiiaina v. Intermountain Health Care*, 740 P.2d 270, 271 (Utah Ct. App. 1987) (internal citations omitted).

[12] *Goddard v. Hickman*, 685 P.2d 530, 533 (Utah 1984); *Chadwick*, 763 P.2d at 821 n.4.

[13] Docket No. 25 Ex. 3.

[14] *See id.*

[15] Docket No. 2 ¶ 61.

that claim and it will remain.[16]  Further, since Plaintiff Steven B. Taylor's loss of consortium claim is dependent on Plaintiffs' other claims, it too is subject to dismissal as against these Defendants.[17]

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 25) is GRANTED IN PART as set forth above.

DATED this 12th day of April, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[16] *Christensen v. Swenson*, 874 P.2d 125, 127 (Utah 1994) ("Under the doctrine of respondeat superior, employers are vicariously liable for torts committed by employees while acting within the scope of their employment.").

[17] *See* Utah Code Ann. § 30-2-11(5); *Fox v. Brigham Young Univ.*, 2007 UT App 406 ¶ 24, 176 P.3d 446.