IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TRACI TAYLOR and STEVEN TAYLOR,<br><br>Plaintiffs,<br><br>v.<br><br>GREG B. COOK, DPM; TRAVIS SAUTTER, DPM; COOK & SAUTTER FOOT & ANKLE, LLC fka COOK FOOT & ANKLE SPECIALISTS, LLC AND COOK FOOT AND ANKLE CENTER, LLC; W. BRYCE COOK, DPM; SPRING CREEK SURGICAL CENTER, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS<br><br>Case Number 1:20-CV-17 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Motions to Dismiss filed by Defendants Greg B. Cook and Cook Foot & Ankle Specialists.[1] For the reasons discussed below, the Court will grant Defendants' Motions.

Plaintiffs filed this action on February 12, 2020. On September 27, 2022, the Court permitted Plaintiffs' counsel to withdraw.[2] In that Order, the Court notified Plaintiffs that they were required to either file a notice of pro se appearance or obtain new counsel within twenty-one days. The Court warned that failure to do so could result in sanctions, including dismissal. Plaintiffs failed to comply with the Court's Order. Defendants moved to dismiss on November 14, 2022, and again on November 29, 2022. Plaintiffs have failed to respond to those Motions.

---

[1] Summary judgment was entered on Plaintiffs' other claims. Docket No. 27.

[2] Docket No. 40.

1

Federal Rule of Civil Procedure 16(f)(1)(C) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[3] Rule 37(b)(2)(A) referenced in Rule 16(f)(1)(C) provides for sanctions including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[4]

When determining the proper sanction, a court must consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[5]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[6] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[7]

---

[3] FED. R. CIV. P. 16(f)(1)(C).

[4] FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii).

[5] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[6] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[7] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2013)).

Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[8] The Court considers each factor below.

    1. *Degree of actual prejudice to Defendants.*

The Court finds that Defendants have been prejudiced by Plaintiffs' failure to properly participate in this action. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[9] Defendants have faced many delays since Plaintiffs filed their Complaint. These delays have certainly hampered Defendants' ability to obtain resolution to Plaintiffs' claims and resulted in increased attorney's fees. This factor weighs in favor of dismissal.

    2. *Amount of interference with the judicial process.*

The Court finds that Plaintiffs' actions have interfered with the judicial process, effectively halting the ability to proceed with this case. Not only have Plaintiffs failed to appear or appoint counsel, they have failed to respond to the Court's Order in any way. This suggests that they have no intention to participate any further in this matter. This factor, therefore, also weighs in favor of dismissal.

---

[8] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[9] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that a delay "would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

   3. *Litigant's culpability.*

Plaintiffs' culpability is evident in their failure to respond to the Court's Order and Defendants' Motions. The Tenth Circuit has articulated that while dismissal and default judgment are "drastic sanction[s], [which are] appropriate in cases of willful misconduct."[10] It has further defined a "'willful failure' to mean 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[11] As noted above, Plaintiffs failed to obey this Court's Order to enter pro se appearances or appoint counsel. Plaintiffs also failed to respond to Defendants' Motions. The Court finds that these are intentional failures. This factor weighs in favor of dismissal.

   4. *Whether Court warned noncomplying litigant that default judgment was likely sanction.*

The Court has warned Plaintiffs that their failure to comply could result in dismissal. This factor weighs in favor of dismissal.

   5. *Efficacy of lesser sanctions.*

The Court finds that any lesser sanctions would be inadequate. Plaintiffs have failed to respond or participate in this litigation in any way since their counsel was permitted to withdraw on September 27, 2022, and there is no indication that they intend to do so. This factor, again, weighs in favor of dismissal.

Considering all the factors above, the Court finds that default judgment and dismissal is appropriate.

---

[10] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[11] *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987)).

4

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket Nos 41 and 42) are GRANTED. This action is dismissed with prejudice.

DATED this 3rd day of January, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge